FILED
November 21, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003914443

MACDONALD & ASSOCIATES
IAIN A. MACDONALD (SBN 051073)
NING YU (SBN 276173)
914 Thirteenth Street
Modesto, CA 95354-0903
Telephone: (209) 549-7949
Facsimile: (209) 549-7948

Attorneys for Chapter 7 Trustee,
STEPHEN C. FERLMANN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ROBERT SAMUEL MATTHEWS,<br><br>Debtor. | Case No. 10-42450<br><br>Chapter 7<br><br>DCN: IAM-2<br><br>**TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF DEBTOR'S PERSONAL PROPERTY TO ROBERT WILLIAMS**<br><br>Date: December 5, 2011<br>Time: 10:00 a.m.<br>Place: 501 I Street<br>       7th Floor, Courtroom 28<br>       Sacramento, California 95814<br><br>Honorable Michael S. McManus |

COMES NOW Stephen C. Ferlmann, the chapter 7 trustee herein, hereby moves, pursuant to Bankruptcy Code § 363(b)(1), for an order authorizing and approving the sale of the debtor's interest in certain personal property to Robert Williams for the sum of $30,000.

In support of this motion, the trustee respectfully represents as follows:

1. Robert Samuel Matthews, the debtor herein, commenced the within case by filing a voluntary chapter 7 petition on August 23, 2010. Stephen C. Ferlmann is the duly appointed, qualified, and acting trustee of the debtor's bankruptcy estate (see Declaration of Stephen C. Ferlmann "Ferlmann Decl.," filed herewith, ¶1).

2. The property to be sold is free and clear of all liens (see Ferlmann Decl., ¶4).

3. The trustee and the purchaser ("parties" herein) have executed the Sales Agreement and the trustee is in receipt of the $30,000 from the purchaser (see Ferlmann Decl., ¶¶10-11).

4. This court has jurisdiction of these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is 11 U.S.C. § 363. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Motion is made pursuant to Bankruptcy Code Section 363(b), Federal Rules of Bankruptcy Procedure 2002 and 6004.

## THE PROPOSED SALE

6. **Property To Be Sold**

A list of personal property (62 items) attached as "Exhibit A" to the Sales Agreement. These items consist of several farm equipment, tools, supplies, and containers; toys; decorative household items; a few vehicles; one television set; and a bed (see Ferlmann Decl., ¶3).

7. **The Purchaser**

Robert Williams, a third party good-faith bona-fide purchaser.

8. **The Terms Of Sale**

   A. Robert Williams shall tender the total cash sum of $30,000 to the trustee upon the execution of the Sales Agreement (see Ferlmann Decl., ¶10(A)).
   B. The sale is to be on an "AS IS" and "WITH ALL FAULTS" basis. The trustee expressly disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind and character, whether expressed or implied, oral or written, past, present, or future (see Ferlmann Decl., ¶10(B)).
   C. The Sales Agreement is subject to overbids and the Bankruptcy Court's approval (see Ferlmann Decl., ¶10(C)).

D. The parties agree to bear their own attorney's fees and costs in connection with the Sales Agreement (see Ferlmann Decl., ¶10(D)).

## ANALYSIS OF SALE

**A. THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE ESTATE BECAUSE THE SALE WILL PROVIDE SUBSTANTIAL PROCEEDS FOR THE ESTATE.**

9. The trustee is entitled to sell the debtor's personal property upon the terms described above because such a sale is within his reasonable business judgment. *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (standard under 11 U.S.C. § 363(b)(1) is "business judgment"); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 979 (Bankr. W.D.Wash. 1997). "[T]he bankruptcy court should presume that the [trustee] acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (applying business judgment standard). Where a sale is proposed in good faith and upon a reasonable basis, "[t]he court will not entertain objections to a trustee's conduct of the estate." *In re Curlew Valley Associates*, 14 B.R. 506, 513-514 (Bankr. D. Utah 1981); *see also In re Southern Biotech, Inc.*, 37 B.R. 318, 322-323 (Bankr. M.D. Fla. 1983). This is because the "[t]rustee, not the Court, is selling this property." *In re Gulf States Steel, Inc.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002).

10. In assessing the appropriateness of a Section 363 sale, courts have examined (i) whether the proposed transaction has a valid business justification or good business reason, (ii) whether the sale is the result of good faith negotiations, and (iii) whether the proposed purchase price is fair and reasonable. *See, e.g., 240 North Brand Partners, Ltd. V. Colony GFP Partners, L.P., (In re 240 North Brand Partners, Ltd.)*, 200 B.R. 653, 659 (9th Cir. BAP 1996); *In re Abbotts Dairies*, 788 F.2d 143, 146, 149-150 (3rd Cir. 1986); *Travelers Ins. Co. v. Plaza Family Partnership (In re Plaza Family Partnership)*, 95 B.R. 166 (Bankr. E.D.Cal. 1989); *Fearing v. Seror (In re Fearing)*, 143 Fed. Appx. 744 (9th Cir. 2005). The proposed sale satisfies all of the aforementioned factors.

///

11. The trustee has negotiated extensively at arm's length and in good faith with the purchaser with respect to the sale of the debtor's personal property (see Ferlmann Decl., ¶8).

12. After carefully inspecting the debtor's personal property on more than one occasion, Roger Ernst, an experienced professional appraiser retained by the trustee, believes that the sale of the debtor's personal property would net, at most, the sum of $35,000 after taking into consideration the expenses related to the advertising, securing, and transporting the personal property (see Ferlmann Decl., ¶6).

13. However, given the current adverse economic conditions, the net sale proceeds is believed to be a lot less (see Ferlmann Decl., ¶7).

14. Accordingly, the $30,000 sale price is eminently reasonable after taking all the aforesaid factors into account (see Ferlmann Decl., ¶9).

### B. THE PUBLIC AUCTION IS IMPRACTICAL AND WILL BE COSTLY GIVEN THE CAPRICIOUS NATURE OF THE PROPERTY TO BE SOLD.

15. Bankruptcy Code Section 363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure authorize the trustee to sell assets of the estate other than in the ordinary course of business, after notice and a hearing. *See, e.g., In re Qintex Entertainment, Inc., et al.*, 950 F.2d 1492, 1495 (9th Cir. 1991). Pursuant to Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or public auction.

16. The debtor's personal property to be sold ranges from industrial farm equipment to bed and pet gate. At a public auction, the trustee would need to auction off each of the 62 items, which would be time-consuming. Also, certain personal artifacts by themselves can generate little to no resale value.

17. Therefore, the negotiation for a private whole sale of the property is the best course of action to take in the within case (see Ferlmann Decl., ¶12).

///

///

///

**C. THE PROPOSED SALE IS IN GOOD FAITH AND THE PURCHASER IS ENTITLED TO THE PROTECTIONS OF BANKRUPTCY CODE SECTION 363(m).**

18. While the Ninth Circuit does not require a finding of good faith be made by the Bankruptcy Court at the time of sale (*Thomas v. Namba (In re Thomas)*, 287 B.R. 782, 785 (9th Cir. BAP 2002)), it is clear under the circumstances of this case that the sale of the debtor's personal property to Robert Williams is proposed in good faith. The trustee, his counsel, and the purchaser have conducted many discussions before reaching an agreement; the property has been carefully examined and appraised; the purchaser is not an insider; there is no evidence of collusion or fraud; and the proposed sale will maximize the value of the bankruptcy estate (see Ferlmann Decl., ¶¶2,6-9).

19. The proposed purchase price is fair and reasonable and will earn substantial proceeds for the benefit of the estate and the creditors (see Ferlmann Decl., ¶9). Accordingly, the trustee has acted prudently in connection to the sale of the debtor's personal property.

**D. THE STAY PROVIDED IN RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SHOULD BE WAIVED.**

26. The trustee requests that the stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure be waived. All creditors and parties-in-interest have been provided with notice and afforded an opportunity to object, and no party will be prejudiced by waiver of the applicable stay.

**E. THE TRUSTEE REQUESTS AUTHORIZATION TO PAY ROGER ERNST A FEE OF $875 FROM THE SALE PROCEEDS.**

27. The trustee requests authorization to pay Roger Ernst for five hours of his professional services rendered to the estate, at $175 per hour or a total of $875, from the sale proceeds. Mr. Ernst accompanied the trustee, on two occasions, to Tracy for inspection and appraisal of the debtor's various personal property to be sold (see Ferlmann Decl., ¶¶5-6). His thorough analysis and expertise resulted in the proposed sale, which upon this court's approval, will provide substantial benefit to the estate and the creditors.

///

**WHEREFORE**, the trustee prays for an order:

1. Authorizing and approving the sale of the debtor's personal property to Robert Williams for the sum of $30,000;

2. Authorizing a payment of $875 to Roger Ernst from the sale proceeds for his consulting and appraising services rendered;

3. Authorizing the trustee to undertake such other actions as are reasonably necessary to consummate the sale, as applicable;

4. Finding that the purchaser is in good faith within the meaning of Bankruptcy Code Section 363(m);

5. Waiving the stay provided under Rule 6004(h); and

6. For such further relief as is appropriate in the premises.

DATED: November 21, 2011          MACDONALD & ASSOCIATES

By:   /s/ Ning Yu
      Ning Yu
      Attorneys for Chapter 7 Trustee
      Stephen C. Ferlmann